## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY RAY GAFFNEY, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-CV-747-JED-FHM |
| | ) |
| THE STATE OF OKLAHOMA; | ) |
| D.O. ROBERTSON, at David Lee Moss | ) |
| Justice Center; NURSE ANGEL, | ) |
| DLM Medical Department, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 15, 2013, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 Complaint (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff is in custody at the David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail (TCJ). By Order filed November 27, 2013 (Doc. 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed him to file an Amended Complaint to cure deficiencies. On December 20, 2013, Plaintiff filed an Amended Complaint (Doc. 6). For the reasons discussed below, the Amended Complaint fails to state a claim upon which relief may be granted and shall be dismissed without prejudice.

### BACKGROUND

In his Amended Complaint (Doc. 6), Plaintiff alleges that, during his incarceration at TCJ, the "medical staff knowingly and carelessly allowed plaintiff to be injured while in their care; that staff did not respond appropriately [when] the officer on site D.O. Roberson used his foot to nudge plaintiff as if the whole incident was an act." *See* Doc. 6 at 2. In the caption of the Amended Complaint, Plaintiff identifies one (1) defendant: the State of Oklahoma. *Id.* at 1. In the text of the

Amended Complaint, he identifies two (2) defendants: D.O. Robertson, a Detention Officer at TCJ; and Nurse Angel, an employee of the TCJ Medical Department.[1]  Plaintiff lists three (3) causes of action, as follows:

| | |
|---|---|
| Count I: | That I was denied proper medical care – staff inappropriately responded to said incident, not taking me to the hospital or given X-rays as by law.<br>Supporting facts: Loss of (2) teeth, permanently damaged face, indetermined [sic] fracture of skull below or around cheek, and fractures in ring finger of left hand. |
| Count II: | "D.O. Roberson [sic]," inmates at pod who witnessed the assault, witnessed nurse on call during incident who did not call for me to be taken to hospital (Nurse Angel).<br>Supporting facts: D.O. Roberson [sic]: acting as if incident was staged – not calling for proper hospitalization of injured patient – not responding correctly to concussed patient.  By the assault. |
| Count III: | Medical staff: response and actions; not appropriate or fair – not producing orders for proper care and X-rays.<br>Supporting facts: Not legally following up with proper hospitalization to review the extent of all damages (damages to teeth, cheekbone, and hand) by X-ray. |

(Doc. 6 at 2, 5).

The Amended Complaint also includes two (2) handwritten pages providing additional factual support for Plaintiff's claims.  *Id.* at 3-4.  There, Plaintiff states that, while having three (3) vials of blood drawn by Defendant Nurse Angel, he "blacked out" and "fell out to the floor."  *Id.* at 3.  As he came back to consciousness, Defendant Robertson was "flicking/kicking with his boot" and saying "stop fucking around Gaffney and get up."  *Id.*  He further states that Defendant Nurse Angel checked his mouth, and "a nurse stuffs my mouth with gauze."  *Id.*  He then reported to the dentist's office.  *Id.*  Plaintiff claims "the dentist pulled what he could of said teeth and told me some

---

[1]When the Clerk of Court entered the Amended Complaint on the docket, the style was corrected to include all defendants identified by Plaintiff in both the caption and the text.

had to remain – it was best left that way." *Id.* The dentist also "packed my mouth with gauze and sent me back to my pod" with instructions "not to fall back asleep and to change gauze after 2 hours in 30 minute intervals." *Id.* Based on those facts, Plaintiff claims that:

> Nurse (Angel) did not follow lawful procedures when taking blood samples by securing me in a chair. I have had low blood sugar most of my life – the three vials of blood was too much, causing me to black out and fall from the precarious position the nurse had me in. Also she did not have me taken to hospital for treatment, and neither did the medical staff, so that I could have X-rays of my face.

*Id.* As to his claims against Defendant Robertson, Plaintiff states that:

> The pod officer (Roberson [sic]), thinking it was all an act, kicked me with his foot, risking putting myself in a coma (I had concussions); also defamed my character by false witness and is the main reason I didn't receive hospital care. I am entitled to civil rights act as an inmate to have complete care, which I did not receive. I have had pain & suffering for months because of my injuries with only a short time with Tylenol 3.

*Id.* at 4. In his request for relief, Plaintiff asks for "monetary relief due to 'denied access to medical care' and the damage to my Ricky Gaffney, II (the plaintiff's), face and missing teeth – and injuries to hand – the assault and defamation of character by the officer and pain & suffering by acting [sic] amount of $77,000,000.00." *Id.* at 5.

## ANALYSIS

### A.  Screening/Dismissal standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must

present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nor must the reviewing court accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not

4

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## B.  The Amended Complaint fails to state a claim

### 1.  Eleventh Amendment immunity

In the caption of the Amended Complaint, Plaintiff lists the State of Oklahoma as a defendant. *See* Doc. 6.  The Eleventh Amendment bars suit in federal court against a state, absent a specific waiver of immunity by the State or express abrogation of the State's immunity by Congress. *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).  Here, the State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit and the Supreme Court has held that § 1983 does not abrogate state sovereign immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).   The Eleventh Amendment applies regardless of the relief sought.  *See Higganbotham v. Oklahoma*, 328 F.3d 638, 644 (10th Cir. 2003) ("The Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief."); *see also Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages."). Therefore, any claim against the State of Oklahoma is dismissed without prejudice. *See Jones v. Courtney*, 466 F. App'x 696, 703 (10th Cir. 2012) (unpublished)[2] (remanding case to district court with instructions to deny motion by prisoner seeking to hold Kansas Department of Corrections liable for judgment without prejudice based on Eleventh Amendment immunity); *see also Schrader v. Richardson*, 461 F. App'x 657, 660 (10th Cir. 2012) (unpublished) ("[T]he district court . . . relied

---

[2]This and other unpublished dispositions are cited herein as persuasive authority pursuant to Tenth Circuit Rule 32.1.

on Eleventh Amendment immunity to dismiss . . . without prejudice, in keeping with our precedent in *Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 550 (10th Cir. 1978).").

### 2.   The Amended Complaint fails to comply with Federal Rules of Civil Procedure

The Amended Complaint fails to comply with the Federal Rules of Civil Procedure.  In the prior Order directing Plaintiff to cure deficiencies (*see* Doc. 3 at 5 (citing Fed. R. Civ. P. 10(a))), the Court advised Plaintiff that "[a]ll defendants shall be identified in the caption of the Amended Complaint."  In addition, the Court directed that "[t]he defendants identified in the caption must match the defendants identified in the text of the Amended Complaint."  *Id.*  Despite the Court's specific instructions, Plaintiff did not identify all defendants in the caption of the Amended Complaint.  Thus, the Amended Complaint does not comply with the Federal Rules of Civil Procedure and is subject to dismissal for that reason.

### 3.   Claims of inadequate medical care fail (Counts I and III)

In Counts I and III of the Amended Complaint, Plaintiff alleges that he was denied proper medical care and that responses by the medical staff were neither appropriate nor fair.  *See* Doc. 6 at 2, 5.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the acts alleged.  A pretrial detainee's right to receive adequate medical care is protected by the Due Process Clause of the Fourteenth Amendment.  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275

n.6 (10th Cir. 2001); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  Even though the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard nonetheless provides the benchmark for such claims.  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted); *see also Henderson v. Glanz*, 2012 WL 5931546 (N.D. Okla. Nov. 27, 2012) (unpublished) ("Because the protections extended to pretrial detainees under the Fourteenth Amendment are at least as broad as those extended to inmates under the Eighth Amendment, the Court need only analyze whether Plaintiff has stated a plausible claim for relief under the Eighth Amendment.").

To assert an Eighth Amendment claim, a plaintiff must satisfy a two-prong test – an objective component showing that the deprivation suffered or the conduct challenged was "objectively sufficiently serious," and a subjective component showing that the defendant had a sufficiently culpable state of mind or was "deliberately indifferent" to the inmate's safety.  *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985).  "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety.  *Farmer*, 511 U.S. at 827; *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  The objective element is satisfied "if the condition has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine*, 241 F.3d at 1276 (internal quotations omitted). The subjective element is satisfied when a plaintiff shows that the defendant was subjectively aware of a substantial risk of serious harm to an inmate but failed to take steps to alleviate the risk. *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).  The prison official "must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Negligence does not state a claim under § 1983 for deliberate indifference to medical needs. *See Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment also are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). The Tenth Circuit has recognized two types of conduct that may constitute deliberate indifference in a prison medical case: (1) absent negligence, a medical professional failing to treat a serious medical condition properly; and, (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition. *See Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000); *see also Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Oxendine*, 241 F.3d at 1277 n.7 (internal citations and quotation marks omitted). Furthermore, a delay in medical care constitutes a constitutional violation only where the plaintiff can show that the delay resulted in substantial harm. *Id.* at 1276.

In this case, Plaintiff's claims against Defendant Nurse Angel fail to state a constitutional violation. None of Plaintiff's allegations is sufficient to satisfy the subjective component of the two-prong test. In other words, Plaintiff does not allege facts demonstrating that Defendant Nurse Angel was "deliberately indifferent" to Plaintiff's serious medical needs. Nor does Plaintiff allege that Defendant Nurse Angel was aware that the procedures used for drawing blood posed a substantial risk of harm to Plaintiff. Instead, the procedures for drawing blood used by Defendant Nurse Angel,

8

as described by Plaintiff, reflect at most negligence.  As explained above, negligence does not state a claim under § 1983 for deliberate indifference to serious medical needs.  *See Green*, 108 F.3d at 1303.  Similarly, Plaintiff's factual allegations concerning events after his fall indicate that Nurse Angel evaluated his injuries and insured that Plaintiff received dental care.  Plaintiff's allegations simply do not reflect that Nurse Angel, or any other health care provider, acted with deliberate indifference.  *Farmer*, 511 U.S. at 827.  Furthermore, Plaintiff's allegations demonstrate that he received medical care for his injuries, but that he disagreed with the prescribed course of treatment, believing that hospitalization and X-rays were warranted.  Plaintiff fails, however, to allege that he suffered "substantial harm" as a result of the treatment he received for his injuries.  *Oxendine*, 241 F.3d at 1276-77.  As to Plaintiff's claims that he suffered injuries in addition to damage to his teeth, he fails to allege facts demonstrating that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that Defendants actually "dr[e]w the inference."  *Farmer*, 511 U.S. at 837.

In short, Plaintiff's claims of inadequate medical care fail to state a claim upon which relief may be granted and shall be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4. Claim of "assault" fails (Count II)

In Count II, Plaintiff complains that, after he "blacked out" and began to regain consciousness, he became aware that Defendant D.O. Robertson was "flicking/kicking" or "nudging" him with his boot.  *See* Doc. 6 at 2, 3.  He describes the event as an "assault."  *Id.* at 2.

To the extent Plaintiff alleges that the conduct was an excessive use of force, his claim fails to rise to the level of a constitutional violation.  A prisoner alleging excessive force must state facts

9

indicating that the prison official's use of force was objectively unreasonable and that the official's intent was for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).  One alleging excessive force need not present facts of significant injury if he also presents facts showing that the official "maliciously and sadistically use[d] force to cause harm."  *Id.* at 9.  It is well established that "de minimis uses of physical force . . . not of a sort repugnant to the conscience of mankind" are not actionable under the Eighth Amendment.  *Id.* at 10 (quotations omitted).  Thus, not "every malevolent touch by a prison guard" will give rise to a federal cause of action, but unnecessary blows causing bruises and swelling will, for example.  *Id.* at 9–10.

None of Plaintiff's factual allegations suggest that Defendant D.O. Robertson's actions in "flicking/kicking" or "nudging" him while Plaintiff was on the floor after having "blacked out" were intended for the purpose of causing harm.  Nor do Plaintiff's allegations suggest that Defendant D.O. Robertson acted "maliciously and sadistically," or that the "nudges" were "unnecessary blows causing bruises and swelling," or any other injury.  For that reason, Plaintiff's claim of "assault" by Defendant D.O. Robertson fails to rise to the level of a constitutional violation and shall be dismissed without prejudice at this time for failure to state a claim upon which relief may be granted.

### 5.  Claim of defamation fails

In a passing reference, Plaintiff also claims that Defendant D.O. Robertson defamed Plaintiff's character when he implied that the incident was "staged."  *See* Doc. 6 at 5.

A plaintiff asserting that the government has violated the Due Process Clause by impugning his or her "good name, reputation, honor, or integrity," *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1558 (10th Cir. 1993), must demonstrate that: (1) the government made a statement about him or her that is sufficiently derogatory to injure his or her reputation, that is

capable of being proved false, and that he or she asserts is false, and (2) the plaintiff experienced some governmentally imposed burden that "significantly altered [his or] her status as a matter of state law." *Paul v. Davis*, 424 U.S. 693, 710-11 (1976). This is sometimes described as the "stigma plus" standard. *Gwinn v. Awmiller*, 354 F.3d 1211, 1216 (10th Cir. 2004).

Here, Plaintiff's allegation of defamation fails to rise to the level of a constitutional violation. First, Plaintiff fails to explain how Defendant's statement damaged his reputation. Furthermore, Defendant's statement is not, by itself, a constitutional violation; rather, Plaintiff must also satisfy the "stigma plus" standard by showing that an additional action taken on the basis of the statement deprived him of a liberty or property interest secured by the Constitution. *Paul*, 424 U.S. at 712. Plaintiff has not alleged that he was deprived of a liberty or property interest secured by the Constitution as a result of Defendant's conduct. Although Plaintiff alleges that he was deprived of adequate medical care as a result of Defendant Robertson's use of "his foot to nudge Plaintiff as if the whole incident was an act," Plaintiff admits he did in fact receive medical care, albeit not the medical care he believed he needed. Plaintiff has not alleged facts satisfying the "stigma plus" standard. For those reasons, Plaintiff's civil rights claim of "defamation" by Defendant D.O. Robertson fails to rise to the level of a constitutional violation and shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## C. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his Amended Complaint fails to state a claim upon which relief may be granted. As a result, the Amended Complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event

shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**D.  Filing fee obligation**

As a final matter, Plaintiff is reminded that he remains obligated to pay, in monthly installments, the full **$350** filing fee for this case. *See* 28 U.S.C. § 1915(b).

### ACCORDINGLY, IT IS HEREBY ORDERED that:

1.    Plaintiff's Amended Complaint (Doc. 6) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

2.    The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3.    Plaintiff remains obligated to pay, in monthly installments, the **$350** filing fee for this case.

4.    A separate judgment shall be entered in this matter.

ORDERED THIS 9th day of April, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

12